# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD N. URIAS, an individual<br><br>Plaintiff,<br><br>v.<br><br>BARAK H. OBAMA, PRESIDENT OF THE U.S., JOHN BOEHNER, SPEAKER OF HOUSE, HARRY REID, LEADER OF SENATE,<br><br>Defendants. | Case No. 14cv2598 BTM (BLM)<br><br>**ORDER RE: ORDER TO SHOW CAUSE** |

On December 12, 2014 the Court issued an Order to Show Cause ("OSC") why this matter should not be dismissed for lack of subject matter jurisdiction on the ground that the Complaint fails to establish Article III standing. Plaintiff, Richard N. Urias, responded to the OSC on December 23, 2014 (Dkt. No. 12) and Defendants replied on January 2, 2015 (Dkt. Nos. 13, 14). Plaintiff filed a second set of replies on January 6 and 7, 2015 (Dkt. Nos. 17, 19) without obtaining the Court's leave.

Having considered the parties' submissions, the Court finds that Plaintiff failed to meet his burden of establishing standing under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), because the Plaintiff has not suffered a concrete injury in-fact. Plaintiff's complaint and subsequent filings

do not plead a particularized injury. Instead, Plaintiff makes generalized grievances against the executive and legislative branches of the United States government for various actions and inactions over the last few years. Plaintiff, however, is a private individual, and cannot invoke the judicial power to determine the validity of executive or legislative action unless he "show[s] that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public." Lujan, 504 U.S. at 575 (quoting Ex parte Lévitt, 302 U.S. 633, 634 (1937)). Plaintiff's one allegation that can potentially to be construed as a direct injury is his denial of a congressional hearing by Defendants. Nonetheless, this alleged injury also fails to confer standing because Plaintiff has "no constitutional right as [a] member[] of the public to a government audience for [his] policy views." Minnesota State Bd. for Cmty. Colleges v. Knight, 465 U.S. 271, 286 (1984).

    Therefore, Plaintiff's has not met his burden of establishing subject matter jurisdiction in response to the Court's OSC and this action is **DISMISSED** with prejudice. The Clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

DATED:  January 22, 2015

*Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court